In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-223 CR


____________________



KENDRICK DEWAYNE BUSH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Cause No. 95570






MEMORANDUM OPINION


 A jury convicted appellant Kendrick Dewayne Bush of aggravated robbery and
assessed punishment at ten years of confinement. See Tex. Pen. Code Ann. § 29.03 (Vernon
2003). Bush filed this appeal, in which his sole contention is that the evidence supporting
his conviction is insufficient when the testimony of an accomplice witness is excluded. We
affirm.


Background


 Lakisha Brooks testified that she, Bush, and two other individuals formulated a plan
to rob the victim at the victim's home. Brooks told the victim she would have sex with him
for money, and she later went to the victim's home under the pretense of doing so. However,
Brooks actually planned for Bush and the other two individuals to come in behind her and
rob the victim. According to Brooks, the victim and Linton Cole were at the victim's home
when she arrived. Brooks asked the victim to take a bath, and the victim went into the
bathroom to do so. Brooks testified that after the victim came out of the bathroom and she
and the victim entered the living room, Bush and another individual entered the house with
guns in their hands.

 Brooks testified that Bush began holding Cole hostage and demanding money from
him, and Brooks told Bush not to kill Cole because the victim, rather than Cole, had money. 
Brooks testified that Bush ran over to help one of his accomplices with the victim because
the victim "was fighting him too much . . . and he couldn't handle him." According to
Brooks, Bush went to the door and began shooting at the victim through the door. Bush
kicked the door, and Cole ran out of the house. Brooks testified that she also ran out of the
house. She subsequently asked someone to give her a ride, and she returned to Bush's house,
where she found Bush and the other individuals who had been there before the robbery. 
Brooks testified that Bush and the other individuals were counting the money, and Bush had
the victim's wallet in his hand. Bush then left with the gun and the wallet.

 When Bush later returned, he told Brooks he had thrown the gun into a trash pile
down the street, and that he had thrown the wallet into a sewer. Bush offered Brooks some
of the money, but she refused to accept it. Brooks testified that she called the police two days
after the robbery, but she did not give a statement until approximately a year later because
she was afraid. Brooks testified that she was not given anything in exchange for her
testimony.

 Linton Cole, who lived with the victim, testified that he heard a knock at the door, and
when he opened the door, two men pushed him onto the bed, held guns on him, and asked
him where the money was. According to Cole, a girl who was present at the house told the
men, "'He don't have no money. It's the other one.'" Cole testified that he did not know the
men, and he did not know what they looked like because they were "all covered up." Cole
told the police that one of the men was taller, skinnier, and light skinned. Cole explained that
he ran out and hid under the house.

 Dr. Tommy J. Brown, a forensic pathologist, testified that the victim sustained four
bullet wounds, and that the victim died as a result. Detective James Underhill of the Port
Arthur Police Department testified that he served as the lead detective in the case. According
to Detective Underhill, Brooks was the first suspect in the case. While the police were
searching for Brooks, they interviewed Bush, and Bush gave a statement in which he denied
any knowledge of the robbery. The police arrested Brooks, and she subsequently gave a
statement.

 Brooks's statement led Detective Underhill to three new persons of interest, one of
whom was Bush. After the police located Bush, Detective Underhill read Bush his Miranda
warnings, and Bush agreed to waive his constitutional rights and gave a statement. (1) In the
statement, Bush explained that Brooks came to his apartment and said she had a "lick,"
which Bush knew "meant that she had a robbery to do." Bush's statement also indicated that
two other individuals and Brooks then left his residence. In the statement, Bush explained
that one of the other individuals returned to his apartment, and "[h]e gave me the gun and a
brown leather wallet and he told me to put the gun up in the Reebok shoe box and put it in
my closet and throw the wallet away." Bush's statement further explained he saw that the
identification in the wallet indicated it belonged to the victim. Bush stated that he threw the
wallet into a drainage ditch. Bush asked Brooks and the other individuals for some of the
money from the robbery because he "was hiding the gun" and "getting rid of the wallet," and
Brooks gave Bush fifty dollars. Bush further explained that the next morning, he and another
individual went to the seawall and disposed of the gun by throwing it into the water.

Bush's Issue


 In his sole issue on appeal, Bush asserts that in the absence of Brooks's testimony,
there is insufficient evidence that tends to connect him with the charged offense. We
interpret Bush's issue as a challenge to the legal sufficiency of the corroborating evidence.
Section 38.14 of the Texas Code of Criminal Procedure provides as follows: "A conviction
cannot be had upon the testimony of an accomplice unless corroborated by other evidence
tending to connect the defendant with the offense committed; and the corroboration is not
sufficient if it merely shows the commission of the offense." Tex. Code Crim. Proc. Ann.
art. 38.14 (Vernon 2005).

 "[T]here is no exact rule as to the amount of evidence required for corroboration." 
Hatley v. State, 206 S.W.3d 710, 714 (Tex. App.--Texarkana 2006, no pet.). The non-accomplice evidence need not be sufficient in itself to establish the accused's guilt beyond
a reasonable doubt, nor must the non-accomplice evidence directly link the accused to the
commission of the offense. Hernandez v. State, 939 S.W.2d 173, 176 (Tex. Crim. App.
1997). Rather, "[t]he accomplice witness rule is satisfied if there is some non-accomplice
evidence which tends to connect the accused to the commission of the offense alleged in the
indictment." Id.; see also Fare v. State, 1 S.W.3d 928, 931 (Tex. App.--Beaumont 1999, pet.
ref'd). We weigh the sufficiency of corroborating evidence by eliminating the accomplice's
testimony from consideration, and we then examine the remaining evidence to determine
whether there is evidence that tends to connect the accused with the offense. Munoz v. State,
853 S.W.2d 558, 559 (Tex. Crim. App. 1993).

 Excluding Brooks's testimony, the following evidence remains: Bush told police that
he knew Brooks intended to commit a robbery. Bush also told police that he disposed of the
victim's wallet, that he and another individual disposed of the gun, and that he asked for
some of the money obtained from the aggravated robbery. This evidence tends to connect
Bush to the offense, and, therefore, sufficiently corroborated Brooks's accomplice witness
testimony. We overrule Bush's sole issue and affirm the trial court's judgment.

 AFFIRMED.


 

 STEVE McKEITHEN

 Chief Justice



Submitted on July 23, 2007

Opinion Delivered August 1, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. After holding a hearing outside the presence of the jury, the trial court found that
Bush made the statement after knowingly, intentionally, and voluntarily waiving his
constitutional rights. See Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005). The trial
court then admitted the statement into evidence.